Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| MUNICIPIO DE SAN JUAN<br><br>Apelante<br><br>v.<br><br>NAYDA ISABEL RAMÍREZ ORTÍZ, ET AL.<br><br>Apelados | KLAN202500533 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2024CV07237<br><br>Sobre: Expropiación forzosa |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

### S E N T E N C I A

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Comparece la parte apelante, Municipio de San Juan, y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 28 de abril de 2025. Mediante dicho dictamen, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria promovida por la parte apelada, Nayda I. Ramírez Ortiz.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

### I

El 5 de agosto de 2024, el Municipio de San Juan (Municipio o apelante) incoó una *Petición* sobre expropiación forzosa de un inmueble sito en Río Piedras, San Juan, cuya dueña registral era Nayda I. Ramírez Ortiz (Ramírez Ortiz o apelada).[1] Alegó que dicha propiedad fue declarada estorbo público el 19 de enero de 2022,

---

[1] Apéndice del recurso, págs. 27.31.

enmendada *nunc pro tunc* el 26 de abril de 2024, en el Caso Núm. 21OP-55970-QE-RRP.

Por su parte, el 9 de septiembre de 2024, Ramírez Ortiz presentó su alegación responsiva.[2] Alegó que la declaración de estorbo público en la cual se fundamentaba la acción de epígrafe era nula y estaba viciada por no haber sido notificada a esta como persona con interés, en violación al Artículo 4.017 del Código Municipal de Puerto Rico, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7653 (Código Municipal).

Posteriormente, el 18 de noviembre de 2024, Ramírez Ortiz instó una *Solicitud de Sentencia Sumaria*.[3] En síntesis, arguyó que el Municipio no tenía una causa de acción de expropiación forzosa basada en una declaración de estorbo público porque nunca le notificó a esta de la declaración de estorbo público, en violación al debido proceso de ley. Especificó que era la dueña registral del inmueble en cuestión y que, el 23 de noviembre de 2021, fue notificada personalmente, en su residencia en la Playa de Cerro Gordo, sobre la intención del Municipio de declarar el inmueble sito en Río Piedras como estorbo público. Relató que, el 9 de diciembre de 2021, se opuso por escrito a la declaración de estorbo público ante la Oficina de Permisos del Municipio y solicitó una vista administrativa. Según adujo, el 19 de enero de 2022, dicho ente administrativo dictó una *Resolución* en rebeldía declarando estorbo público el inmueble en cuestión, sin haberla citado para celebrar la vista administrativa solicitada. Señaló que dicho dictamen fue

---

[2] Apéndice del recurso, págs. 32-52.
[3] Íd., págs. 61-100. Junto a su petitorio, Ramírez Ortiz incluyó los siguientes documentos: (1) copia de *Notificación: Intención de Declarar Propiedad Como Estorbo Público*, con fecha de diligenciamiento del 30 de noviembre de 2021; (2) copia de la *Resolución Declarando Inmueble Estorbo Público y Orden*, con fecha del 19 de enero de 2022; (3) copia de la *4ta Inspección*, con fecha del 8 de noviembre de 2021; (4) copia de notificación por correo certificado, con fecha del 21 de enero de 2022; (5) copia de la *Declaración Jurada*, suscrita por Ramírez Ortiz el 18 de noviembre de 2024; (6) copia de la *Oferta de Opción de Compra Venta*, con fecha del 22 de enero de 2022; (7) copia del *Contrato de Intención de Adquirir Inmueble*; (8) copia de los recibos de pago y cheques del año 2023.

notificado por correo certificado con acuse de recibo a Hiram Ramírez Campis (Ramírez Campis), quien había fallecido para ese momento. Reiteró que nunca le notificaron dicha resolución declarando el referido inmueble como estorbo público. Detalló que, el 26 de abril de 2024, la Oficina de Asuntos Legales del Municipio enmendó mediante *Resolución Nunc Pro Tunc* el mencionado dictamen para incluirla en el epígrafe como titular del inmueble y volvió a ordenar la notificación de la determinación por correo certificado con acuse de recibo únicamente al difunto Ramírez Campis.

Ramírez Ortiz alegó en su petitorio que no existía controversia de que la resolución mediante la cual se declaró estorbo público al inmueble en cuestión no le fue notificada. Planteó que estaba incontrovertido que el Municipio incumplió con la reglamentación municipal en cuanto al requisito de notificación de la actuación administrativa que era parte fundamental del debido proceso de ley que lo obligaba a notificar sus órdenes y resoluciones a las partes afectadas. De igual forma, arguyó que la falta de notificación de la determinación que declaró estorbo público el mencionado inmueble le negó la oportunidad de defenderse y de instar un recurso de revisión ante un foro de superior jerarquía. En virtud de lo anterior, sostuvo que procedía la desestimación sumaria –con perjuicio– de la *Petición* por no existir controversia de hechos esenciales y pertinentes.

El 23 de diciembre de 2024, el Municipio se opuso.[4] En esencia, sostuvo que Ramírez Ortiz había reiterado los mismos argumentos esbozados en su contestación a la *Petición* y que estos versaban sobre trámites en foros administrativos que advinieron finales y firmes. Según adujo, dichos procedimientos no fueron

---

[4] Apéndice del recurso, págs. 103-117.

impugnados, a pesar de haber sido debidamente notificados. Argumentó que habían hechos materiales en controversia y que no había necesidad de mayor discusión o análisis de su parte sobre el asunto. Planteó que, si la parte con interés tenía alguna reclamación con relación al procedimiento de declaración de estorbo público y otras consideraciones, debió haber agotado los remedios administrativos a los que tenía derecho, los cuales, según se desprendía del petitorio sumario, no lo hizo. Adujo que la acción de epígrafe no podía ser utilizada para impugnar colateralmente determinaciones administrativas que advinieron finales y firmes. En vista de ello, sostuvo que procedía que se declarara No Ha Lugar la moción de sentencia sumaria.

Evaluadas las posturas de las partes, el 28 de abril de 2025, el Tribunal de Primera Instancia emitió y notificó la *Sentencia* que nos ocupa, mediante la cual declaró Ha Lugar la *Solicitud de Sentencia Sumaria* promovida por Ramírez Ortiz.[5] En particular, desglosó las siguientes determinaciones de hechos:

1. Ramírez-Ortíz adquirió el inmueble inscrito en el Registro de la Propiedad, Sección II de San Juan, en el Folio 16, Tomo 141 de Río Piedras Norte, con el número de finca 7026 (Finca 7026), de Don Hiram Ramírez Campiz, mediante la escritura número diez, otorgada en San Juan, PR, el 19 de junio de 1980, ante el notario Guillermo Cintrón Ayuso, por la suma de $167,000.00.
2. Mediante la escritura número diez, otorgada el 19 de junio de 1980 ante Guillermo Cintrón Ayuso en San Juan, PR, Ramírez-Ortíz constituyó una hipoteca en garantía de dos pagarés a favor de Ramírez-Campiz.
3. Ramírez-Ortíz es la dueña (100%) y titular registral de la Finca 7026.
4. Las siguientes direcciones le corresponden a Ramírez-Ortíz:
   a. BO. Sabana, Lote G, Cll. Paseo La Balandra, Vega Alta, PR 00692
   b. 725 PMB 215, Carr. 693, Dorado, PR 00646.
5. El 8 de noviembre de 2021, J. Fernández de la Oficina de Permisos del Municipio llenó un formulario titulado "4ta Inspección" con el número

---

[5] Apéndice del recurso, págs. 1-26.

de caso 21op-55970qe-rpp. En el encasillado titulado "Observaciones", se anotó a puño y letra: "Hoy se comunicó la Sra. Nayda Ramírez Ortíz heredera de la propiedad Ave. Ponce de León 1205 Río Piedras, para indicar que el dueño su padre Sr. Hiram Ramírez Campis falleció y ella es la única heredera y está encamada. Su deseo es vender la propiedad en un precio justo. Su número de teléfono 787 645-2718 y del vecino 787 346-6741".

6. El 23 de noviembre de 2021, la Oficina de Permisos del Municipio notificó la *Intención de declarar propiedad como estorbo público* a Ramírez-Ortíz por emplazamiento personal de conformidad con la Regla 4.3 de Procedimiento Civil (32 LPRA Ap. V, R. 4). El emplazamiento fue realizado por Carlos Torres Medrano a las 2:50 p.m. en la dirección física Paseo Balandra Final, Playa Cerro Gordo, Vega Alta, PR. La declaración del emplazador no fue juramentada.

7. En la *Intención de declarar propiedad como estorbo público*, el Municipio identificó el número de caso 19op-55970qe-rpp y dirigió la comunicación a "Naida I. Ramírez Ortíz" e identificó su dirección como Playa de Cerro Gordo, Paseo Balandra Final / Penúltima casa antes del Caño, Vega Alta, PR 00646.

8. Por medio de la *Intención de declarar propiedad como estorbo público*, el Municipio expresó que, luego de una investigación realizada sobre las condiciones del inmueble localizado en 1205 Ave. Luis Muñoz Rivera, San Juan, PR 00925, la misma cualifica para ser declarada estorbo público bajo las disposiciones del Código Municipal, *infra.*

9. El Municipio le informó a Ramírez-Ortíz que tenía un término de veinte (20) días calendario, contados a partir del diligenciamiento de esta notificación, para oponerse y solicitar una vista administrativa ante un Oficial Examinador.

10. Además, el Municipio le informó a Ramírez-Ortíz que, una vez declarada como estorbo público, esta vendría obligada a limpiar o ejecutar obras para eliminar la condición de estorbo público dentro de un término de sesenta (60) días a partir de la notificación de la resolución, salvo que haya solicitado la revisión judicial sobre dicha declaración. Si no logra eliminar la condición de estorbo público, el Municipio procedería a hacerlo a su costo y le reclamaría al propietario los gastos incurridos.

11. El 9 de diciembre de 2021, Ramírez-Ortíz, a través de Sonia M. Moreno, envió una *Solicitud de vista administrativa* bajo la querella número 19op-55970qe-rpp a los siguientes correos electrónicos: swcolon@sanjuan.pr y permisos@sanjuan.pr.

12. En su *Solicitud de vista administrativa*, Ramírez-Ortíz expresó su oposición a la declaración de estorbo público y su intención de "presentar los pasos y acciones correctivas" que se estuvieron llevando a cabo.

13. En su *Solicitud de vista administrativa*, Ramírez-Ortíz identificó las siguientes direcciones postales como suyas: 425 Carr., 693 PMB 215 Dorado, PR 00646-4802; y 5 Calle Palm Circle Apto. 502 Cond. Portofino, Guaynabo, PR 00968-4475. Además, identificó como su dirección residencial la Playa Cerro Gordo Paseo Balandra Final / Penúltima casa entes del caño Vega Alta, PR 00692; y su correo electrónico como smmoreno50@gmail.com.

14. Ramírez-Ortíz nunca fue notificada de una vista administrativa.

15. El 13 de enero de 2022, Ramírez-Ortíz, a través de Sonia M. Moreno, le remitió un correo electrónico titulado "19op-55970qe-rpp" a las direcciones de correo electrónico swcolon@sanjuan.pr y permisos@sanjuan.pr, por la cual envió dos fotografías que identificó como evidencia de los trabajos requeridos por el Municipio que se estaban llevando a cabo.

16. El 19 de enero de 2022, el Municipio emitió una *Resolución declarando inmueble estorbo público y orden*, con el número de caso 21OP-55970-QE-RRP, la cual notificó por correo certificado con acuse de recibo a: "Hiram Ramírez Campis" a la dirección Urb. El Pilar, 1809, Calle Santa María, San Juan, PR 00925-5424. Además, se dejó copia en 1205 Ave. Luis Muñoz Rivera, San Juan, Puerto Rico.

17. En el cuerpo de la *Resolución declarando inmueble estorbo público y orden*, el Municipio indicó: "En cumplimiento con el Artículo 4.008 del Código Municipal y el Art. 15.203 del Código de Urbanismo, se le notificó mediante edicto publicado el 23 de diciembre de 2021 en el Periódico Primera Hora".

18. Según la *Resolución declarando inmueble estorbo público y orden*, al 14 de enero de 2022 y luego de haber transcurrido el término de veinte (20) días calendarios desde la notificación de la *Intención de declarar propiedad como estorbo público*, "surge del expediente administrativo que no ha solicitado una vista administrativa ante un Oficial Examinador y/o se ha opuesto a que al Bien Inmueble sea declarado como un 'estorbo público'".

19. Consecuentemente, el Municipio declaró el inmueble localizado en 1205 Ave. Luis Muñoz Rivera, San Juan, PR 00925 como estorbo público y le ordenó a colocar el inmueble en condiciones para ser habitada y utilizada, eliminando su condición de estorbo público dentro de sesenta (60) días calendarios.

20. Por último, el Municipio le informó de su derecho de acudir ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en revisión judicial dentro del término de veinte (20) días calendarios.

21. El 17 de abril de 2024, el alcalde del Municipio, Miguel A. Romero Lugo, aprobó la resolución núm. 90, serie 2023-2024 (P. de R. Núm. 86, serie 2023-2024), *Para autorizar al Municipio Autónomo de San Juan, representado por su alcalde o el funcionario a quien este delegue, a adquirir, mediante expropiación forzosa, la propiedad localizada en el núm. 1205 de la avenida Luis Muñoz Rivera en Río Piedras, declarada estorbo público por el Municipio; autorizar la transferencia de dicha propiedad a la entidad 268 Petroleum Corp., de acuerdo con lo dispuesto en el artículo 4.012 de la Ley 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico", de manera que se pueda mejorar el área, eliminando la condición de una estructura que representa peligro a la salud y la seguridad de la comunidad circundante; autorizar la firma de los documentos correspondientes para dar cumplimiento a las disposiciones de esta resolución; y para otros fines* (Resolución Núm. 90).

22. Mediante la Resolución Núm. 90, el Municipio fue facultado a instar un procedimiento de expropiación forzosa sobre la Finca 7026.

23. En la Resolución Núm. 90, la Legislatura Municipal del Municipio indicó que la entidad 268 Petroleum Corp. expresó su interés en adquirir la Finca 7026 bajo las disposiciones del Art. 4.012 del Código Municipal, *infra*.

24. El Municipio autorizó la expropiación forzosa de la Finca 7026 con el propósito de transferirla a 268 Petroleum Corp., "y así mejorar el área, eliminando un estorbo público debidamente declarado por el Municipio según la legislación y reglamentación aplicable".

25. La Resolución Núm. 90 dispone:
El inmueble fue valorado por el tasador profesional Raimundo E. Marrero, con Licencia de Tasador Numero 780, en ciento veinticinco mil dólares ($125,000.00), al 27 de noviembre de 2023. [268 Petroleum Corp.] ha suministrado al Municipio dos (2) cheque[s] de gerente p[o]r la cantidad de ciento cinco mil quinientos ochenta dólares ($105,580.00) y de diecinueve mil cuatrocientos veinte dólares ($19,420.00) a favor del Municipio, para un total de ciento veinticinco mil dólares ($125,000.00), equivalente al valor de tasación. Además, entregó un cheque de gerente a favor del Municipio por la cantidad de nueve mil quinientos dólares ($9,500.00), equivalente al diez por ciento (10 %) del

valor de tasación, menos tres mil dólares ($3,000.00) correspondientes a los gastos de tasación, que fueron pagados el 28 de noviembre de 2023, mediante cheque de gerente, para un total de ciento treinta y siete mil quinientos dólares ($137,500.00). A tenor con lo anterior, el Municipio se propone adquirir dicha propiedad de manera que se pueda mejorar el área, eliminando la condición de una estructura que representa peligro a la salud y la seguridad de la comunidad circundante.

26. La Resolución Núm. 90 dispone:

Se autoriza al Municipio, representado por su Alcalde o el funcionario en quien este delegue, a consignar la cantidad de ciento veinticinco mil d[ó]lares ($125,000.00) como justa compensación por la [Finca 7026], según valoración al 27 de noviembre de 2023, por el tasador profesional Raimundo E. Marrero, con Licencia de Tasador Numero 780. No obstante, a la referida cantidad se le descontar[á] cualquier cantidad que adeude la propiedad, si alguna, por concepto de contribuciones sobre la propiedad, así como los intereses, recargos y penalidades según procedan. De igual forma, antes de ser transferida la propiedad a nombre de [268 Petroleum Corp.], este vendrá obligado a cubrir cualquier suma adicional que se requiera por el Tribunal de Primera Instancia como justa compensación, además de cualquier otra suma que este adeude por cualquier otro concepto relacionado al proceso y cualquier otra suma requerida por el Artículo 4.012 de la Ley 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico".

27. La expropiación forzosa a favor del Municipio y la posterior transferencia de la Finca 7026 a 268 Petroleum Corp. se llevaría a cabo "en estricto cumplimiento de los parámetros y requisitos establecidos en el Código Municipal, en el 'Reglamento para el Manejo, Identificación y Restauración de Propiedades Inmuebles en el Municipio de San Juan', contenido en el Capítulo XIV de la Ordenanza Núm. 7, Serie 2002-2003, según enmendada, conocida como el 'Código de Urbanismo del [Municipio]', así como de aquellos estatutos y reglamentos vigentes y aplicables a este tipo de transacción".

28. El 26 de abril de 2024, la Oficina de Asuntos Legales del Municipio enmendó mediante resolución *nunc pro tunc* la *Resolución declarando inmueble estorbo público y orden*.

29. El escolio 1 de la *Resolución declarando inmueble estorbo público y orden nun pro tunc* dispone: "Se enmienda Nunc Pro [T]unc a los fines de corregir el

epígrafe e incluir el nombre de la Sra. Naida Ramírez Ortíz titular registral y quien fue notificada de la querella mediante edicto publicado el 23 de diciembre de 2021. La Resolución Declarando el Inmueble Estorbo Público emitida el 19 de enero de 2022 fue notificada a la propiedad, ya que se dejó una copia en la misma".

30. El cuerpo de la *Resolución declarando inmueble estorbo público y orden nun pro tunc* dispone: "En cumplimiento con el Artículo 4.008 del Código Municipal y el Art. 15.203 del Código de Urbanismo, se le notificó mediante edicto publicado el 23 de diciembre de 2021 en el Periódico Primera Hora".

31. Cónsono con lo anterior, la *Resolución declarando inmueble estorbo público y orden nun pro tunc* se dirige a "SR. HIRAM RAMÍREZ CAMPIS Y/O NAIDA RAMÍREZ ORTÍZ".

32. Al final de la *Resolución declarando inmueble estorbo público y orden nun pro tunc*, se ordenó y certificó la notificación por correo certificado con acuse de recibo únicamente a Hiram Ramírez Campis en la dirección Urb. El Pilar 1809 Calle Santa María San Juan, PR 00926-5424. Además, se indicó que "se dejó copia" en #1205 Ave. Luis Muñoz Rivera, San Juan, Puerto Rico.

33. El 29 de abril de 2024, el Municipio solicitó mediante Instancia al Registro de la Propiedad, la inscripción en el inmueble de un gravamen a su favor por la suma de $6,554.00 en concepto de multas y gastos de la declaración de estorbo público.

34. Dicho gravamen consta inscrito en la Finca 7026 en el Registro de la Propiedad.

El foro primario indicó, en lo pertinente, que era un hecho incontrovertido que el Municipio conocía el paradero de Ramírez Ortiz, ya que había sido emplazada personalmente en su actual residencia en Vega Alta el 23 de noviembre de 2021. Señaló que, el 26 de abril de 2024, la Oficina de Asuntos Legales del Municipio enmendó mediante *Resolución Nunc Pro Tunc* la determinación declarando el inmueble en cuestión estorbo público, pero no surgía una orden de notificación a Ramírez Ortiz. En vista de ello, concluyó que la notificación de Ramírez Ortiz fue defectuosa y no había sido subsanada. Expresó que, en su consecuencia, el término para acudir en revisión judicial, al igual que los demás términos que

comenzaban a decursar a partir de la notificación adecuada, aún no habían comenzado a transcurrir.

Inconforme, el 12 de junio de 2025, la parte apelante instó el recurso de epígrafe y señaló los siguientes errores:

> ERRÓ EL TPI E INCURRIÓ EN GRAVE ERROR DE DERECHO Y SE APARTÓ DEL EST[Á]NDAR APLICABLE AL EMITIR SENTENCIA SUMARIA Y ATENDER PLANTEAMIENTOS EN OPOSICIÓN A UNA DECLARACIÓN DE ESTORBO PÚBLICO EN UN PROCEDIMIENTO DE EXPROPIACIÓN FORZOSA SIN TENER JURISDICCIÓN PARA ELLO, CUANDO SON PROCEDIMIENTOS DISTINTOS E INDEPENDIENTES.

> ERRÓ EL TPI E INCURRIÓ EN GRAVE ERROR DE DERECHO AL DESESTIMAR POR LA V[Í]A SUMARIA LA PETICI[Ó]N DE EXPROPIACIÓN FORZOSA QUE FUERA PRESENTADA POR EL MUNICIPIO DE SAN JUAN.

En cumplimiento con nuestra *Resolución* del 16 de junio de 2025, la parte apelada compareció mediante *Alegato de la Apelada*, el 9 de julio del mismo año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o

aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.,* supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García,* supra; *Pérez Vargas v. Office Depot,* 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará

obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*, pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.,*

pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 80 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, 2024 TSPR 62, resuelto el 17 de junio de 2024; *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, supra; *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otro,*

supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

**B**

El Artículo II, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1, reconoce el derecho al disfrute de la propiedad como un derecho fundamental. Sin embargo, este no es un derecho absoluto, pues cede ante el poder inherente que tiene el Estado para adquirir bienes privados mediante el procedimiento de expropiación forzosa. *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 603 (2021); *A.C.T. v. 780.6141M2*, 165 DPR 121, 130 (2005). Esa facultad del Estado es un atributo de su poder soberano y, por ende, es de superior jerarquía a todos los derechos de propiedad. *Íd.*

Ahora bien, el poder de expropiar no es irrestricto. Nuestra Constitución establece límites al disponer que "no se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley". Art. II, Sec. 9, Const. ELA, LPRA, Tomo 1. En ese sentido, para que el Estado pueda expropiar forzosamente una propiedad privada, la Constitución exige que el bien expropiado se destine a un fin público, que se pague una justa compensación, y que se proceda con sujeción a las leyes que regulan este procedimiento en nuestro ordenamiento. *Adm. Terrenos v. Ponce Bayland*, supra, pág. 604. Esto es, la *Ley General de Expropiación Forzosa*, 32 LPRA sec. 2901 *et seq.*, y la Regla 58 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.

Por otro lado, la Asamblea Legislativa puede ejercer su autoridad de expropiación directamente o delegándola en otras

entidades o funcionarios públicos. 32 LPRA secs. 2902 y 2905; *Mun. de Guaynabo v. Adquisición*, 180 DPR 206, 217 (2010). Así, el Código Municipal de Puerto Rico, Ley Núm. 104-2020, según enmendado, 21 LPRA sec. 7001 *et seq.* (Código Municipal), otorga a los municipios el poder de expropiación forzosa, dentro de sus respectivos límites territoriales, por cuenta propia o a través del Gobierno de Puerto Rico. 21 LPRA sec. 7103. Cuando la Asamblea Legislativa declara el uso público de una expropiación antes de que el Estado presente su acción en el tribunal, existe una presunción de que el uso así declarado es, en efecto, un fin público, según lo exige nuestra Constitución. *Mun. de Guaynabo v. Adquisición*, supra. Esta presunción beneficia al Estado, pues le sirve de fundamento para obtener el dominio provisional de los bienes mediante la presentación de una declaración de adquisición y entrega material de la propiedad objeto de expropiación. *Íd.*; 32 LPRA sec. 2907.

En lo aquí atinente, el Artículo 15.203(c)(1) del Reglamento para el Manejo, Identificación y Restauración de Propiedades Inmuebles en el Municipio de San Juan (Reglamento) establece que le corresponde a la Oficina de Permisos del Municipio notificar la intención de la municipalidad de declarar la propiedad como estorbo público a la parte querellada mediante los mecanismos de diligenciamiento, llevando a cabo una investigación en el Registro de la Propiedad, en el Centro de Recaudaciones de Ingresos Municipales (CRIM) o por cualquier otro medio que permita, mediante gestiones razonables, determinar quién es la persona propietaria o con interés de la propiedad y su dirección postal. Asimismo, dispone que, en la notificación, el Municipio deberá informarle a la parte querellada sobre sus derechos y remedios para oponerse a la declaración de la propiedad como estorbo público, así como el derecho de solicitar una vista ante un Oficial Examinador.

Art. 15.203(c)(2) del Reglamento, *supra*. Esta notificación deberá cumplir con el proceso de diligenciamiento según establecido en la Regla 4 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4. Art. 4.008 del Código Municipal, 21 LPRA sec. 7632; Art. 15.203(c)(3) del Reglamento, *supra*.

En particular, el Artículo 15.203(c)(3)(i) del Reglamento, *supra*, establece que el diligenciamiento de la notificación podrá realizarse mediante entrega personal a la parte querellada o haciéndole accesible la notificación en su inmediata presencia. La persona que lo diligencie hará constar, al dorso de la copia de la notificación, su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. *Íd*. En caso de ignorarse el paradero de tales personas, se publicarán avisos en un (1) periódico impreso de circulación general o regional y uno (1) digital de conformidad con las ordenanzas del Municipio. Art. 15.203(c)(3)(iii) del Reglamento, *supra*; Art. 4.008 del Código Municipal, *supra*. Luego de la notificación, la persona propietaria, poseedora o con interés tendrá veinte (20) días, contados desde la notificación, para oponerse a la declaración de la propiedad como estorbo público, y solicitar una vista ante un Oficial Examinador. Art. 4.008 del Código Municipal, *supra*.

Cuando la persona propietaria, poseedora o con interés no compareciere en forma alguna a oponerse a la identificación de la propiedad como estorbo público, dentro de los veinte (20) días siguientes a la notificación, el Municipio podrá declarar la propiedad como estorbo público. Art. 4.010 del Código Municipal, 21 LPRA sec. 7634. La declaración de estorbo público deberá notificarse a la persona propietaria, poseedora o con interés, conforme al Artículo 4.008 del Código Municipal, *supra*. *Íd*.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte apelante plantea en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al emitir sentencia sumaria en la cual atendió planteamientos en oposición a una declaración de estorbo público en un procedimiento de expropiación forzosa sin tener jurisdicción para ello, por tratarse de procedimientos distintos e independientes. Como segundo señalamiento de error, sostiene que el foro primario erró al desestimar por la vía sumaria la petición de expropiación forzosa presentada por esta.

Hemos examinado cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable y concluimos que el Tribunal de Primera Instancia no erró en su determinación. Nos explicamos.

Luego de evaluar la totalidad del expediente ante nos, colegimos que no existen controversias sobre hechos medulares que impidan la solución de la presente causa por la vía sumaria. En su consecuencia, nos corresponde determinar si el derecho se aplicó correctamente.

Según esbozáramos, le corresponde a la Oficina de Permisos del Municipio notificar la intención de la municipalidad de declarar una propiedad como estorbo público a la parte querellada mediante los mecanismos de diligenciamiento. Asimismo, reseñamos que, en la notificación, el Municipio deberá informarle a la parte querellada sobre sus derechos y remedios para oponerse a la declaración de la propiedad como estorbo público, así como el derecho de solicitar una vista ante un Oficial Examinador. Esta notificación deberá cumplir con el proceso de diligenciamiento según establecido en la Regla 4 de las Reglas de Procedimiento Civil de 2009, *supra.* El diligenciamiento de la notificación podrá realizarse mediante entrega personal a la parte querellada o haciéndole accesible la

notificación en su inmediata presencia. En caso de ignorarse el paradero de dicha parte, se publicarán avisos en un (1) periódico impreso de circulación general o regional y uno (1) digital de conformidad con las ordenanzas del Municipio. De igual forma, la declaración de estorbo público deberá notificarse a la persona propietaria, poseedora o con interés.

En el caso de autos, es un hecho incontrovertido que la parte apelante conocía el paradero de la propietaria del inmueble en cuestión, Ramírez Ortiz, al momento de declararlo estorbo público. Asimismo, es un hecho incontrovertido que dicho dictamen no le fue notificado a la apelada, aun cuando este fue enmendado *nunc pro tunc.* Debido a la falta de notificación del Municipio, la resolución declarando la mencionada propiedad como estorbo público no surte efecto y los términos jurisdiccionales para acudir a un foro revisor no han comenzado a transcurrir.

Ante el escenario anterior, coincidimos con lo determinado por el foro primario, pues resulta forzoso concluir que la parte apelante falló en controvertir lo expuesto por la apelada en su petitorio sumario, al punto que impidiera la resolución sumaria del presente caso, pues en su oposición a la *Solicitud de Sentencia Sumaria* se limitó a expresar que no habían hechos materiales en controversia y que, por ello, era innecesario realizar algún tipo de análisis al respecto. Tampoco acompañó su oposición con prueba documental para controvertir la presentada por la apelada, ni cumplió con la normativa establecida en la Regla 36 de Procedimiento Civil, *supra.* En conclusión, los errores señalados no se cometieron.

En virtud de lo anterior, colegimos que el Tribunal de Primera Instancia no erró al emitir la *Sentencia* declarando Ha Lugar la *Solicitud de Sentencia Sumaria* promovida por la parte apelada. En fin, al evaluar concienzuda y ponderadamente *de novo* los eventos

procesales al palio de la normativa jurídica antes esbozada, coincidimos con la determinación del foro apelado.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Ortiz Flores disiente sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones